**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4363**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILMER ALEJANDRO VILLANUEVA RIVERA, a/k/a Nelson Maurisio
Villanuva Rivera, a/k/a Wilmer Alijandro Villanuva Rivera,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at
Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00234-MOC-DSC-1)

Submitted: April 28, 2020                          Decided: June 30, 2020

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant.
R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilmer Alejandro Villanueva Rivera appeals his sentence of 15 months in prison and one year of supervised release after pleading guilty to illegal reentry of a deported aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2018).  On appeal, he contends that the district court imposed a procedurally unreasonable sentence by failing to explain why it rejected his arguments for a reduced sentence and by imposing a supervised release term on a deportable alien in violation of U.S. Sentencing Guidelines Manual § 5D1.1(c).[*] The Government contends that we should review these issues for plain error since Rivera did not preserve them, and there was no procedural error in his sentence.  We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'"  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  In evaluating the procedural reasonableness of a sentence, we "determin[e] whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.* (citing *Gall*, 552 U.S. at 51).  "As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the

---

[*] To the extent that Rivera challenges the district court's decision not to downwardly depart under the Sentencing Guidelines, as opposed to a downward variance, we may not review the decision.  *See United States v. Torres-Reyes*, 952 F.3d 147, 151 n.2 (4th Cir. 2020).  We therefore limit our review to the court's decision to deny a variance.

2

facts and arguments presented and impose an appropriate sentence, and it must explain the chosen sentence." *Id*. (internal quotation marks and citations omitted).

"Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks and citations omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). Rather, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence." *Nance*, 957 F.3d at 213. "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id.* (citing *Blue*, 877 F.3d at 521).

"A criminal defendant who wishes a court of appeals to consider a claim that a ruling of a trial court was in error must first make his objection known to the trial-court judge." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). Under the Federal Rules of Criminal Procedure, a party may preserve a claim of error by informing the court of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. *Id*. (citing Fed. R. Crim. P. 51(b)). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party

sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010); *cf. Holguin-Hernandez,* 140 S. Ct. at 764 (defendant's district-court argument for specific lower sentence based on § 3553(a) factors preserved his appeal claim that his sentence was substantively unreasonable).

"Of course, lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." *Lynn*, 592 F.3d at 579 n.4. And, merely pointing out facts without making arguments for a different sentence based on consideration of the § 3553 factors does not preserve a claim. *Id.* at 580. "[I]f the appellant lodged his objection to the adequacy of the district court's sentencing procedure for the first time on appeal," we "can review only pursuant to the rigorous plain-error standard." *Id.* at 578. "If, however, the appellant preserved his appellate objection by articulating it first in the district court, we review for abuse of discretion—reversing if we find error unless we can conclude that it was harmless." *Id.*

Without objection to the calculations, the district court here adopted the presentence report and determined that Rivera's Guidelines range was 15 to 21 months in prison and one to three years of supervised release. Rivera specifically requested that the court impose a one-year term of supervised release in his objections; and he moved for a departure or variance in his prison sentence based on USSG § 4A1.3(b), 18 U.S.C. § 3553(a) factors, and USSG § 2L1.2 cmt. n.7. As recognized by the court, his main argument was that the court should downwardly depart to a Guidelines range of 10 to 16 months based on USSG

4

§ 4A1.3(b). Moreover, when the court stated they were "talking about a sentence of either 10 to 16 months or 15 to 21 months," he did not object; and the parties agree on appeal that he asked for a sentence within the range of 10 to 16 months. Since his sentence is within that range, the Government contends he has not preserved his appeal issues. However, in his written motion for variance and at sentencing, he requested a downward departure or variance of three levels, which would yield a Guidelines range of eight to 14 months.

We have reviewed the record and conclude that Rivera's sentence is procedurally reasonable regardless of the standard of review. The district court engaged with Rivera's specific arguments at sentencing and summarized his main argument when directing the Government to respond to it. The court explained that it had considered the § 3553(a) factors and agreed with the Government that a sentence within the Guidelines range was appropriate. In response to Rivera's mitigation arguments and the Government's response that he was responsible for a lot of his troubles, the court agreed with the Government. As for his argument that he might have attained legal status when he first came to the United States at age eight if his father had gone to Immigration Court, the court noted there was nothing it could do to allow him to stay in the country legally; and he had to stay out of the United States after deportation. As for his supervised release, the court recognized USSG § 5D1.1(c) provides that it ordinarily should not be imposed on a deportable alien; but in accord with USSG § 5D1.1 cmt. n.5, the court found that Rivera had entered the country illegally more than once and was a recidivist returnee; and it imposed a small supervised release term as a deterrent. We find no procedural error in this ruling. *See* USSG § 5D1.1 cmt. n.5; *United States v. Aplicano-Oyuela*, 792 F.3d 416, 423-25 (4th Cir. 2015).

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*